Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
11/16/2021 08:08 AM CST

The Lund Company, a Nebraska corporation,
appellee, v. Jerome Clark, appellant.

___ N.W.2d ___

Filed November 2, 2021.    No. A-21-273.

1. **Courts: Appeal and Error.** In cases where no statement of errors was
   filed and the district court reviewed for plain error, the higher appellate
   court likewise reviews for plain error only.
2. **Appeal and Error: Words and Phrases.** Plain error exists where there
   is an error, plainly evident from the record but not complained of at
   trial, which prejudicially affects a substantial right of a litigant and is of
   such a nature that to leave it uncorrected would cause a miscarriage of
   justice or result in damage to the integrity, reputation, and fairness of the
   judicial process.
3. **Landlord and Tenant: Actions: Forcible Entry and Detainer.**
   Where a forcible entry and detainer action is not brought under the
   Uniform Residential Landlord and Tenant Act, the action is controlled
   by Neb. Rev. Stat. §§ 25-21,219 to 25-21,235 (Reissue 2016 & Cum.
   Supp. 2020).

Appeal from the District Court for Sarpy County, Nathan
B. Cox, Judge, on appeal thereto from the County Court for
Sarpy County, Todd J. Hutton, Judge. Judgment of District
Court affirmed.

Jerome Clark, pro se.

Eugene M. Eckel and Tara E. Holterhaus, of Goosmann Law
Firm, P.L.C., for appellee.

Riedmann, Bishop, and Arterburn, Judges.

Bishop, Judge.

## INTRODUCTION

Jerome Clark, pro se, appeals the decision of the Sarpy County District Court that affirmed the county court's judgment in favor of The Lund Company and against Clark for restitution of premises. We affirm.

## BACKGROUND

### County Court Proceedings

On November 6, 2020, The Lund Company filed a complaint against Clark and "John Doe and Jane Doe, real names unknown," for forcible entry and detainer and sought restitution and possession of an apartment in Bellevue, Nebraska. The Lund Company alleged the following: The Lund Company was the management agent-in-fact for the owner of certain real property located in Bellevue and had authority to rent space located at the property to various tenants. Clark and John Doe and Jane Doe were occupying an apartment at the property. Clark's wife was the only tenant named on the rental agreement and the only person that signed the lease. Clark's wife informed The Lund Company by email on or about October 16 that she was no longer living at the premises and requested that her name be removed from the lease. Clark and John Doe and Jane Doe were not listed as a tenant or occupant on the lease and were not authorized to occupy the premises. Clark and John Doe and Jane Doe continued to occupy the premises after Clark's wife informed The Lund Company that she was no longer occupying the premises. The Lund Company served a written 3-day notice to quit on Clark and John Doe and Jane Doe on October 27, demanding that they vacate the premises within 3 days from the date of the service of the notice, but more than 3 days elapsed and they failed and refused to vacate the premises and surrender peaceful possession thereof to The Lund Company. The Lund Company alleged that it was entitled to immediate possession of the premises and a reasonable attorney fee.

A hearing on the restitution of premises was held on November 17, 2020. The Lund Company was represented by counsel, but Clark appeared pro se. Testimony was given, and exhibits were received into evidence.

The property manager for the apartment testified the lease agreement was signed by Clark's wife. Clark's wife was the only leaseholder, and she and two minor children were the only persons named in the lease. The lease, dated June 16, 2020, was received into evidence. The property manager prepared a rental agreement addendum for Clark's wife to add Clark to the lease agreement, but she never signed the agreement, and therefore, the property manager did not have permission to add Clark to the lease. The unsigned rental agreement amendment, dated July 23, 2020, was received into evidence over Clark's objection that he was "on the lease."

The property manager testified that he received an email from Clark's wife on October 16, 2020, stating she had moved out of the apartment due to "marriage problems" and requesting that her name be taken off of the lease. In an email dated October 24, 2020, Clark's wife stated that she placed the apartment key in the "drop box." The two emails were received into evidence without objection. The Lund Company considered the lease agreement to be terminated and the apartment back in its possession on October 24. However, Clark and the two minor children continued to live in the apartment. Because of Clark's holdover status and the termination of the lease agreement, The Lund Company served a 3-day notice to quit to Clark on October 27; the proof of service on the notice states that it was sent via first-class mail to Clark and posted on the door of the apartment and that it was also served by hand delivery. Clark did not vacate the apartment and remained in possession at the time of the restitution hearing.

Clark testified in his own behalf. Clark is a "disabled man; physically, medically frail," and has "a disability." He and the children were occupants on the lease. Clark stated that he was "added to that lease" and that he and the children should "not be evicted from a home that we are signed into."

According to Clark, "[t]his whole shenanigan . . . is all based off of retaliation." Clark received "threat notices" from The Lund Company's law firm; Clark "put up with constant . . . harassment" from the apartment complex, the management company, and its law firm; and Clark contacted the police "on multiple occasions of illegal entries into [his] home." The Lund Company believed Clark's grievances were not relevant to the restitution action for being a holdover tenant.

Clark also stated that "[t]his case should not even be heard right now, because evictions are not to be had during the pandemic"; that "[t]here is a Trump moratorium and a CDC order out"; and that "evictions are illegal at this particular time . . . as of September the 4th [2020]." The Lund Company objected, stating, "[T]his is not an eviction for nonpayment of rent, it is a holdover tenancy eviction."

Clark offered numerous exhibits into evidence, which were received over The Lund Company's various objections. Clark's exhibits included the following: Exhibit 6 is a letter dated September 10, 2020, from the Nebraska Equal Opportunity Commission to Clark's wife, regarding a housing discrimination complaint that was filed on September 2 that stated that an investigation would be conducted. Exhibit 7 is a letter dated June 12, 2020, from the apartment complex to Clark's wife that stated her rental application had been conditionally approved. Exhibit 8 is a letter dated July 23, 2020, from the apartment complex to Clark that stated that his rental application had been conditionally approved. Exhibit 9 is a screenshot of the apartment complex's online resident services portal, and on the "My Profile" page, it lists Clark as one of the "Co-Residents"; however, there appears to be an "Edit Profile" function available on the "My Profile" page. Exhibit 11 is a letter dated October 12, 2020, from The Lund Company to Clark's wife "and all other parties"; the letter is a 30-day notice to quit for failure to comply with the lease, in part because "Clark is not a lease holder or listed as an occupant on the lease, and therefore is an unauthorized occupant," but the notice also

stated that they had 14 days to take the necessary procedures to add Clark as a leaseholder. Exhibit 12 is a public accommodations charge of discrimination filed by Clark against the apartment complex on October 15 with the Nebraska Equal Opportunity Commission. Exhibit 13 is two screenshots, one of which has Clark's name and a profile picture, the apartment complex's name below Clark's name, an account balance, and a purported link to "Make a Payment." Exhibit 15 is a cease and desist letter dated October 14, 2020, from The Lund Company's law firm to Clark demanding that Clark's "harassment and intimidation" of the company's employees "cease and desist immediately," and it references incidents that occurred earlier in October. Exhibits 16 and 17 are emails Clark and his wife purportedly sent in November to the federal Centers for Disease Control and Prevention asking for assistance regarding the eviction.

The property manager was called back to the stand and testified that Clark's wife was the only leaseholder named on the lease agreement and that neither Clark nor his wife signed the rental agreement addendum to add Clark to the lease. The property manager also testified that anyone who submits an application is entered into the company's system and has access to the resident portal; Clark had submitted an application and received a conditional approval, but he was never added to the lease because the addendum was not signed.

On November 18, 2020, the county court entered judgment in favor of The Lund Company and against Clark and John Doe and Jane Doe for restitution of the premises and for court costs incurred by The Lund Company. The court stated that a "writ of restitution shall issue forthwith commanding the Sheriff or Constable to remove defendant(s) and all other occupants from the subject premises." The writ of restitution was subsequently entered on November 30 and issued to the Sarpy County sheriff that same day.

Clark appealed to the district court. His notice of appeal was filed on December 2, 2020.

### APPEAL TO DISTRICT COURT

Clark's appeal was heard before the district court on January 29, 2021. The Lund Company was represented by counsel, but Clark appeared pro se. The district court received the bill of exceptions from the county court proceedings into evidence, and it heard arguments from the parties.

On March 2, 2021, the district court entered its opinion and order. The court noted that Clark had not filed a statement of errors in his appeal and that therefore, its review of the record was limited to plain error. The court stated that the lease for the subject premises was between The Lund Company and Clark's wife, but not Clark himself, and that no lease agreement existed between The Lund Company and Clark. The district court found that the county court did not err when it found in favor of The Lund Company and against Clark and entered a writ of restitution. The district court affirmed the judgment of the county court.

Clark now appeals to this court.

### ASSIGNMENT OF ERROR

Clark's "brief" on appeal was a compilation of documents and did not comply with Neb. Ct. R. App. P. § 2-109 (rev. 2021); it was therefore stricken by order of the court. Clark was given additional time to file a replacement brief, but he did not do so. However, no notice of default was sent to Clark pursuant to Neb. Ct. R. App. P. § 2-110(A), and therefore, we do not dismiss his appeal for failure to file a brief.

### STANDARD OF REVIEW

[1] In cases where no statement of errors was filed and the district court reviewed for plain error, the higher appellate court likewise reviews for plain error only. *TransCanada Keystone Pipeline v. Tanderup*, 305 Neb. 493, 941 N.W.2d 145 (2020).

[2] Plain error exists where there is an error, plainly evident from the record but not complained of at trial, which

prejudicially affects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process. *Id*.

## ANALYSIS

[3] Where a forcible entry and detainer action is not brought under the Uniform Residential Landlord and Tenant Act, the action is controlled by Neb. Rev. Stat. §§ 25-21,219 to 25-21,235 (Reissue 2016 & Cum. Supp. 2020). See *I.P. Homeowners v. Morrow*, 12 Neb. App. 119, 668 N.W.2d 515 (2003). The Uniform Residential Landlord and Tenant Act defines "[t]enant" as "a person entitled under a rental agreement to occupy a dwelling unit to the exclusion of others." Neb. Rev. Stat. § 76-1410 (Reissue 2018). As noted by the district court, the lease for the subject premises was between The Lund Company and Clark's wife, but not Clark himself, and no lease agreement existed between The Lund Company and Clark. Furthermore, Clark was not otherwise listed as an occupant on the lease. Accordingly, the Uniform Residential Landlord and Tenant Act did not apply in this case, and the action is controlled by §§ 25-21,219 to 25-21,235.

The Lund Company provided Clark the necessary 3-day notice to quit the apartment pursuant to § 25-21,221. See, also, *I.P. Homeowners v. Morrow, supra*. When Clark did not vacate the premises, The Lund Company brought a forcible entry and detainer action against Clark. See § 25-21,220(5) (forcible entry and detainer proceedings may be had in all cases when defendant is settler or occupier of lands or tenements, without color of title, and to which complainant has right of possession). After hearing the evidence, the county court found in favor of The Lund Company for restitution of the premises and costs of the suit, see § 25-21,226, and the court issued a writ of execution thereon, see § 25-21,230. Because Clark did not have a lease agreement with The Lund Company, we find no plain error in the county court's

decision to find in favor of The Lund Company and enter a writ of restitution.

Additionally, we note that in the county court proceedings, Clark stated that there was "a Trump moratorium and a CDC order out" and that "evictions are illegal at this particular time . . . as of September the 4th [2020]." However, the order from the Centers for Disease Control and Prevention does not preclude evictions for reasons other than not paying rent. See Temporary Halt in Residential Evictions To Prevent the Further Spread of COVID-19, 85 Fed. Reg. 55,292 (Sept. 4, 2020). The order did not preclude Clark's removal from the apartment because The Lund Company did not seek removal based on a failure to pay rent.

Having reviewed the record for plain error, we find none.

## CONCLUSION

For the reasons stated above, we affirm the decision of the Sarpy County District Court that affirmed the county court's judgment in favor of The Lund Company and against Clark for restitution of premises.

AFFIRMED.